# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN ORTEGA MONTUFAR, | Case No. 5:26-cv-01881-AJR |
| Petitioner, | **MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE** |
| v. | |
| MARKWAYNE MULLIN, ET AL., | |
| Respondents. | |

## I.
## INTRODUCTION

On April 16, 2026, Petitioner Darwin Ortega Montufar ("Petitioner"), an immigration detainee represented by counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Verified Petition"), challenging his detention in immigration custody. (Dkt. 1 at 2.) On April 23, 2026, Respondents Markwayne Mullin, Secretary, Department of Homeland Security ("DHS"), Rodney S. Scott, Commissioner, U.S. Customs and Border Protection ("CBP"), Jaime Rios, Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement ("ICE"), Eddy Wang, Special Agent in

Charge for Los Angeles, Homeland Security Investigations ("HSI"), ICE, and Warden of Adelanto ICE Processing Center (collectively, "Respondents") filed an Answer to the Petition (the "Answer"). (Dkt. 8.) The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. (Dkts. 3, 6.) For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to immediately release Petitioner from custody on his prior conditions of release.

## II.

## FACTUAL BACKGROUND

The Court sets forth a summary of the relevant factual background based on the facts contained in the Verified Petition. (Dkt. 1 at 12.) Respondents had the opportunity to dispute the facts contained in the Verified Petition or to supply additional facts, but declined to do so. (Dkt. 8.) Accordingly, the facts contained in the Verified Petition are undisputed and have been conceded by Respondents. See C.D. Cal. L.R. 7-12.

Petitioner has lived in the United States since 2021. (Dkt. 1 at 2.) Petitioner is a resident of Riverside, California. (Id.) Petitioner has a lawful permanent resident brother and no criminal record. (Id.) On April 4, 2026, Petitioner was detained by ICE agents on his way to work in the County of Riverside. (Id.) Petitioner was not engaged in any unlawful activity that would have otherwise provoked ICE agents to engage him. (Id.) Petitioner was in compliance with all ICE reporting obligations prior to his detention. (Id.) Petitioner has been held by immigration authorities "virtually incommunicado." (Id.) Petitioner was denied contact with the outside world for the first three days of his incarceration, including from family and counsel, and since then has been permitted only one twenty-minute phone call with his attorney. (Id.) Petitioner has been unable to seek a bond hearing due to a claimed lack of jurisdiction by the Immigration Court. (Id.)

2

## III.

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner contends that his arrest and detention violates his due process rights.  (Dkt. 1 at 9-11.)  Petitioner seeks immediate release or a bond hearing at which the Government bears the burden of proving flight risk or danger by clear and convincing evidence.  (Id. at 11.)

## IV.

## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law.  See U.S. Const., amend. V.  There is no question that these protections extend to noncitizens present in the United States.  See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)).  To determine whether detention

3

violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights."  Regino, 133 F.4th at 959-60.  Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest."  Reno v. Flores, 507 U.S. 292, 302 (1993).  By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests."  Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted).  To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest."  Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).  With that careful description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was

4

sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

## V.

## ANALYSIS

It is undisputed that Petitioner has lived in the United States since 2021. (Dkt. 1 at 2.) Petitioner is a resident of Riverside, California, has a lawful permanent resident brother, and works in the community. (Id.) Petitioner also appears to be on some form of release conditions by immigration authorities. (Id.) Based on these undisputed facts, the Court concludes that Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States since arriving here in 2021. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Therefore, the Court concludes that Petitioner's arrest by immigration authorities on April 4, 2026, without notice or a pre-deprivation hearing violated Petitioner's procedural due process rights. See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual

5

be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026). Moreover, it is undisputed that Petitioner has not received a bond hearing since his arrest on April 4, 2206.  (Dkt. 1 at 2.)

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025).  The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted).  The last uncontested status here is Petitioner's release on his prior conditions of release.  See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention.").  "Accordingly, Petitioner's release from custody is the appropriate remedy."  Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending

removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

Finally, the Court notes that Respondents admit that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).  (Dkt. 8 at 2.)  On December 18, 2025, the court in Maldonado Bautista entered final judgment and granted declaratory relief to all members of the Bond Eligible Class.  See Bautista v. Santacruz, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in Maldonado Bautista, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination

hearing before an immigration judge." Maldonado Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in Maldonado Bautista "insofar as [it] extends beyond the Central District of California" pending a ruling on the Government's motion for a stay pending appeal.  Maldonado Bautista v. Dep't of Homeland Sec., No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026).  Thus, the December 18, 2025 declaratory judgment remains effective and enforceable within the Central District of California.

Accordingly, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2).  See Maldonado Bautista, 2025 WL 3678485, at *1.  Moreover, Petitioner is entitled to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).[1]  See id.  However, Petitioner is also entitled to immediate release from custody based on the violation of his procedural due process rights, as explained above.  The statutory basis of Petitioner's detention may become relevant to any future determination of Petitioner's suitability for bond, should he be detained in the future.

---

[1] The fact that Petitioner could receive a post-deprivation bond hearing while in custody does not remedy the violation of Petitioner's procedural due process rights.  See, e.g., E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

## VI.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Petition as follows. Respondents shall immediately release Petitioner from custody on his own prior conditions of release.[2]  Respondents shall also immediately return any confiscated property and documents to Petitioner upon his release.  Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation bond hearing.  The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard.  The Court concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Respondents shall file a notice of compliance no later than **April 25, 2026**.

IT IS SO ORDERED.

DATED:   April 24, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

---

[2] It is undisputed that Petitioner has no criminal history.  (Dkt. 1 at 2.)

9